## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2020, 9:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Samuel J. Beasley
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles F. Carmen,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 23, 2020

Court of Appeals Case No.
20A-CR-166

Appeal from the Delaware Circuit Court

The Honorable Mary G. Willis, Senior Judge

Trial Court Cause No.
18C01-1804-F6-236

**Bradford, Chief Judge.**

# Case Summary

On October 4, 2019, Charles Carmen was convicted of Level 6 felony domestic battery resulting in moderate bodily injury and ultimately sentenced to one year suspended to probation. Carmen contends that the trial court erred by denying him the opportunity to cross-examine Elizabeth Riggs regarding her pending criminal charges. We affirm.

# Facts and Procedural History

Early in the morning on April 15, 2018, Carmen punched Riggs, with whom he was romantically involved, in the nose, breaking it. On April 20, 2018, the State charged Carmen with Level 6 felony domestic battery resulting in moderate bodily injury. On September 26, 2019, a bench trial was held, at which the State called Riggs as a witness. During direct examination, the State asked Riggs if she was going to receive any benefit from testifying, stating

> [STATE:] Do you still have cases pending here in Delaware County?
>
> [RIGGS:] Yeah.
>
> [STATE:] And as a result of your testimony here today in Court, have you been offered any leniency or breaks in any of the cases that you currently have pending in our county?
>
> [RIGGS:] No, none at all.

[STATE:] Has any mention been made of that?

[RIGGS:] No.

[STATE:] Is it your understanding that you're getting any leniency for your testimony today.

[RIGGS:] No, not at all.

Tr. Vol. II pp. 63–64. During cross-examination, Carmen's counsel did not question Riggs regarding her pending charges; however, after Riggs testified that she did not consider herself to be a violent person, Carmen's counsel attempted to question her regarding her criminal history, prompting an objection from the State. Carmen's counsel argued that

> once [Riggs] has said she doesn't consider herself to be a violent person, I can inquire as to specific instances of bad conduct and ask her whether she thinks that that constitutes her being a violent person. (Inaudible) either change her opinion or stand by her opinion that she's not violent in light of this evidence. She says her opinion is she's not a violent person. I then get to inquire as to specific bad acts to find out if her opinion considers those bad acts.

Tr. Vol. II p. 79. The trial court sustained the State's objection, and Carmen's counsel made the following offer of proof:

> All right. Judge, the State provided in discovery a criminal background check of [Riggs] so this is nothing of surprise. It was also discussed previously with counsel. And as an offer of proof, I would present evidence to the Court indicating that [Riggs] has been found – been charged and found guilty of intimidation. In the same cause, there was a battery by bodily waste. There was also a resisting law enforcement which were each dismissed.

I would also present evidence that she was charged with domestic – with a disorderly conduct, as well as, a public intoxication. Additionally, there was a separate disorderly conduct charge. Then in another instance, she was charged with battery and disorderly conduct. Again, a subsequent charge – arrest and charge battery – domestic battery. Again, a subsequent charge, domestic battery. Another arrest and charge for battery with injury. Another charge for battery with injury to law – or a battery with no injury to a law enforcement officer, as well as, resisting law enforcement. And that's in addition obviously to the attempted robbery that already been put into evidence.

I think it's absolutely germane to her credibility as a witness if she's going to maintain that she's not a violent person, it's absolutely pertinent that this Court consider those facts and that she doesn't consider those to be the acts of a person who is a violent person.

Tr. Vol. II pp. 79–80. Following trial, the court took the matter under advisement. On October 4, 2019, the trial court found Carmen guilty as charged and ultimately sentenced him to one year suspended to probation.

# Discussion and Decision

[3] Carmen contends that the trial court erroneously denied him the opportunity to cross-examine Riggs regarding her pending criminal charges in order to demonstrate that her testimony was biased in order to curry favor with the State regarding the resolution of her pending criminal charges. At trial, however, Carmen's arguments and offer of proof only indicate that he sought to question Riggs regarding her prior convictions and/or charges. Because Carmen makes his bias argument regarding Rigg's pending charges for the first time on appeal,

it is waived for appellate review. *See Washington v. State*, 808 N.E.2d 617, 625 (Ind. 2004) (noting that an argument or issue that is not raised by a party at the trial court level is waived on appellate review). Moreover, while Riggs testified on direct examination that she was not receiving any benefit or leniency in the resolution of her pending charges in exchange for her testimony, Carmen never attempted to cross-examine Riggs regarding her pending charges. Carmen's entire argument is based on a false premise, which is that the trial court denied him the opportunity to ask certain questions even though he never attempted to ask the questions. Put another way, Carmen cannot argue that the trial court denied him the opportunity to question Riggs about her pending criminal charges when he never sought to question her regarding her pending criminal charges.

[4] Waiver notwithstanding, even assuming, *arguendo*, that the trial court erred, it could only be considered harmless error. The United States Supreme Court has held that "some constitutional errors … are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless." *Brecht v. Abrahamson*, 507 U.S. 619, 630 (1993) (internal quotations omitted). Errors under the Sixth Amendment are subject to harmless error analysis. *Collins v. State*, 822 N.E.2d 214, 221 (Ind. Ct. App. 2005), *trans. denied*. "Error is deemed harmless when there is no substantial likelihood the error contributed to the verdict, or, in other words, that the error was unimportant." *Id*. (internal quotations omitted).

[5] Here, the record is devoid of any physical evidence indicating an alternative cause of Riggs's injury other than Carmen punching her in the nose. In fact, when Carmen asked Dr. Douglas Kuxhausen if the type of injury that Riggs sustained could have been inflicted by falling, he stated that "[w]e usually do not see facial injuries from a person that is awake and falls, because that's the first thing they usually block is their face[.]" Tr. Vol. II p. 23. The only evidence that supports an alternative cause of Riggs's injury is Carmen's self-serving testimony, which the trial court was not entitled to believe and did not. Carmen has failed to establish that the trial court abused its discretion.

[6] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.